HOUSTON, Justice.
Just as the trial court had difficulty understanding and deciphering the plaintiff Robert L. Williams’s complaint and amendments to the complaint, because they were rambling and disjointed (see page 197 of the record), this Court has experienced the same difficulty with Williams’s brief on appeal, which was filed pro se.
However, after reviewing the record and the briefs of the defendants, John R. Tanner, Dr. Lawrence Martin, and Shelby Medical Center, we conclude that the undisputed facts appear to be as follows:
Williams’s mother filed a civil involuntary commitment petition with the Shelby County Probate Court pursuant to Ala. Code 1975, § 22-52-14. After reviewing the petition and finding it to have merit, Shelby County Probate Judge Thomas Snowden held commitment proceedings and appointed John R. Tanner as guardian ad litem for Williams. As a result of these proceedings, Williams was temporarily placed in the Shelby County “Restore Unit” until the final hearing, when he was involuntarily committed to Bryce Hospital in Tuscaloosa. Williams sued Tanner, Dr. Martin, and Shelby Medical Center for *172 damages, based on alleged wrongs committed during the proceedings or with regard to his confinement for diagnosis and treatment. Although Williams’s complaint and amendments were rambling and disjointed, it appears that his claims against Tanner alleged fraud, negligence, and legal malpractice; his claims against Dr. Martin alleged intentional infliction of emotional distress, medical malpractice, and gross negligence and illegal delivery of drugs; and his claims against Shelby Medical Center alleged medical malpractice and gross negligence in permitting improperly trained staff members to conspire with others to deny Williams his civil rights.
Dr. Martin filed a motion to dismiss, maintaining that when Williams filed the amended complaint adding him as a defendant there was a prior pending action involving the same parties in the United States District Court for the Northern District of Alabama, Southern Division; that the amended complaint failed to state a claim upon which relief could be granted; and that the amended complaint failed to comply with the Medical Liability Act of 1987 in that it failed to set forth with sufficient specificity the defendant’s alleged acts and omissions. The trial court granted Dr. Martin’s motion.
Subsequently, Shelby Medical Center filed a motion to dismiss or, in the alternative, for summary judgment, maintaining as grounds for its motion to dismiss that the amended complaint adding it as a defendant failed to state a claim upon which relief could be granted; that Williams’s claims against it were barred by the doctrines of res judicata and/or collateral es-toppel because of the final adjudication of the prior federal case; and supporting its alternative motion for summary judgment with the pleadings from the prior federal suit. Tanner also filed a motion to dismiss, maintaining that because Williams had filed his suit on January 4, 1991, and the acts complained of had occurred on or about March 2, 1988, Williams’s claims against Tanner were barred by the applicable statute of limitations. The trial court granted Tanner’s motion and granted Shelby Medical Center’s motion, holding as follows:
“This cause came on before the court on Shelby Medical Center’s motion to dismiss or in the alternative for a summary judgment, and ... Tanner’s motion to dismiss, [Tanner and Shelby Medical Center] being the only two remaining defendants in this cause.
“A hearing was held ... wherein [Williams] and counsel for [Tanner and Shelby Medical Center] appeared and argued their respective motions. At the outset, it is noted ... that [Williams’s] complaint and amendments are rambling and disjointed and cause the court some difficulty; however, the court does observe from [Williams’s] pleadings the following:
“1. That the only mention of ... Tanner ... was in the initial filing of the complaint in which [Williams] state[d] that Tanner was appointed by the Shelby County Probate Court on or before March 2, 1988.
“2. That on March 1, 1991, [Williams] added Shelby Medical Center ... as an additional defendant, with subsequent amendments as to [Shelby Medical Center] made on March 27, 1991, March 28, 1991, and October 29, 1991.
“3. On February 21, 1992, [Williams] filed another amendment wherein he stated the date of the accident was 1989 and not 1988.
“4. That the above pleadings are all the pleadings by [Williams].
“After considering [Williams’s] complaint against Tanner and Tanner’s motion to dismiss, it appears said motion to dismiss is well taken in that [Williams’s] claim is barred by the statute of limitations.
“After reviewing [Williams's] complaint and his amendments thereto against [Shelby Medical Center] (some of those being federal claims) and considering the motion to dismiss or in the alternative for a summary judgment by [Shelby Medical Center,] which was supported by expert testimony, it appears [Shelby Medical Center’s] motion to dismiss or *173 for a summary judgment should be granted, as either motion could be properly granted.”
(Emphasis in original.) Williams appeals. We affirm.
Without further recitation of the facts and without further discussion as to the issues raised, neither of which would benefit the Bench or the Bar, suffice it to say that the trial court properly granted the motions of Tanner, Dr. Martin, and Shelby Medical Center. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.